UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
LISA A. MCQUEEN-STARLING and
VICTOR A. STARLING, SR.,

                  Plaintiffs,                  **REPORT & RECOMMENDATION**
                                                                    20 CV 504 (AMD)(LB)

     -against-

OCWEN FINANCIAL CORP.,
OCWEN LOAN SERVICING, LLC,
U.S. BANK NATIONAL ASS'N, *AS Trustee Under*
*The Pooling & Servicing Agreement Dated as of*
*March 1, 2007 GSAMP Trust2007-HE2*
*Mortgage Pass-Thru, Certificates Series 2007-HE2*,
BEST OF LONG ISLAND PROPERTIES, INC.,
ALEXANDER SORTO, BRIAN NELSON, ESQ.,
NELSON LAW GROUP, PLLC,

                  Defendants.
----------------------------------------------------------X
**BLOOM, United States Magistrate Judge:**

       Plaintiffs commenced this action against defendants on January 29, 2020, ECF No. 1, and the summonses were issued on the same day, ECF No. 2. The Federal Rules of Civil Procedure provide that:

> If a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

FED. R. CIV. P. 4(m). On April 14, 2020, in light of the COVID-19 public health emergency, the Court *sua sponte* extended plaintiffs' time to file proof of service on defendants until June 1, 2020. ECF No. 8. Plaintiff was warned that if proper service was not made upon defendants by June 1, 2020, or if good cause was not shown why such service was not made, I would recommend that the Court should dismiss this action without prejudice. Id.

Under Rule 4(m), plaintiffs were required to serve defendants with the complaint and summons by June 1, 2020. As of the date of this Report, although other defendants named in the complaint have answered, the Court's record does not reflect that plaintiffs have properly served defendants Ocwen Financial Corporation, Ocwen Loan Servicing, LLC (the "Ocwen defendants"), or U.S. Bank National Association. Because plaintiffs have failed to file proof of service or show good cause why service was not timely effected on the Ocwen defendants or defendant U.S. Bank National Association, it is respectfully recommended that plaintiffs' action should be dismissed without prejudice against the Ocwen defendants and defendant U.S. Bank National Association pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

### FILING OF OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b)(2) of the Federal Rules of Civil Procedure, the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6.  Such objections (and any responses to objections) shall be filed with the Clerk of the Court.  Any request for an extension of time to file objections must be made within the fourteen-day period. Failure to file a timely objection to this Report generally waives any further judicial review.  Marcella v. Capital Dist. Physicians' Health Plan, Inc., 293 F.3d 42, 46 (2d Cir. 2002); Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989); see Thomas v. Arn, 474 U.S. 140 (1985).

SO ORDERED.

/S/
LOIS BLOOM
United States Magistrate Judge

Dated: November 24, 2020
　　　　Brooklyn, New York