UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ X
                                                                     :
**LISA A. MCQUEEN-STARLING** and **VICTOR**            :
**A. STARLING, SR.**,
                                                                     :
      Plaintiffs,      : **MEMORANDUM DECISION AND**
                **ORDER**
                                                                     :
   – against –        20-CV-504 (AMD) (LB)
                                                                     :

**BEST OF LONG ISLAND PROPERTIES INC.,** :
**ALEXANDER SORTO, BRIAN NELSON,**
**ESQ.,** and **NELSON LAW GROUP, PLLC**,  :

                                                                     :
      Defendants.
------------------------------------------------------------------ X

**ANN M. DONNELLY**, United States District Judge:

   On January 29, 2020, the *pro se* plaintiffs commenced this action against Ocwen Financial Corporation, Inc., Ocwen Loan Servicing, LLC, U.S. Bank National Association, Best of Long Island Properties, Inc. ("Best of Long Island"), Alexander Sorto, Brian Nelson, Esq. and Nelson Law Group PLLC, alleging violations of a host of federal statutes. On December 15, 2020, the Court dismissed the case against Ocwen Financial Corporation, Inc., Ocwen Loan Servicing, LLC and U.S. Bank National Association without prejudice. Before the Court is the remaining defendants' motion to dismiss. As explained below, the motion to dismiss is granted.

## BACKGROUND[1]

   The facts are drawn from the complaint, which as explained further below, appears to be lifted almost verbatim from a complaint that the Consumer Financial Protection Bureau filed

---

[1] The Court is permitted to take judicial notice of the state court filings related to the plaintiffs' foreclosure and eviction, the bankruptcy filings related to the plaintiffs' foreclosure and eviction and the Consumer Financial Protection Bureau's complaint filed in the Southern District of Florida. "On a [Federal Rule] 12(c) motion, the court considers 'the complaint, the answer, any written documents attached to them, and any matter of which the court can take judicial notice.'" *L-7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 422 (2d Cir. 2011) (citation and quotation marks omitted). Specifically,

against Ocwen in the Southern District of Florida. *CFPB, et al. v. Ocwen Financial Corporation, et al.*, No. 17-CV-80495 (S.D. Fla. Apr. 20, 2017).[2] On May 24, 2004, the plaintiffs closed on a house located at 203 Oakfield Avenue, Dix Hills, N.Y. 11746. (ECF No. 19 at 1.) The property was secured with a loan from New Century Mortgage Corporation, and Lasalle Bank serviced the loan. (*Id.* at 1-2.) Around October 2010, the plaintiffs received foreclosure documents from Lasalle. (*Id.* at 2.) On November 1, 2010, a judge in New York Supreme Court, Suffolk County entered a judgment of foreclosure and sale on the property. (ECF No. 18-2.) Best of Long Island was the successful bidder at the October 11, 2018 foreclosure auction (ECF No. 18-3), and became the lawful owner of the property upon the entry of a deed by the referee on November 8, 2018. (ECF No. 18-4.) The plaintiffs were still in the house, so Best of Long Island initiated eviction proceedings against them on December 7, 2018, in the Suffolk County Third District Court (Index No. LT-000468-18/HU). (ECF No. 18-15 at 3; ECF No. 18-5.) On February 27, 2019, the plaintiffs moved for an order to show cause in Suffolk County Supreme Court to stay the eviction proceedings and vacate the judgment of foreclosure (ECF No. 18-15 at 3); that motion was denied on June 18, 2019 (Index No. 38096/2008). (ECF No. 18-15 at 3; ECF No. 18-6.) On August 15, 2019, the Suffolk County Third District Court awarded judgment of possession to Best of Long Island, with warrants of eviction. (ECF No. 18-15 at 3; ECF No. 18-7.) In an effort to delay the eviction, the plaintiffs filed eight actions in different jurisdictions. (ECF No. 18-15 at 3; ECF Nos. 18-8, 18-9,18-10, 18-11, 18-12, 18-13, 18-14.)

---

"courts routinely take judicial notice of documents filed in other courts . . . to establish the fact of such litigation and related filings." *Kramer v. Time Warner, Inc.*, 937 F.2d 767, 774 (2d Cir. 1991).

[2] The remaining defendants—Best of Long Island, Alexander Sorto, Brian Nelson, Esq. and Nelson Law Group PLLC—were not defendants in the Florida case.

The plaintiffs allege violations of the Consumer Financial Protection Act ("CFPA"), the Truth-in-Lending Act ("TILA"), the Fair Debt Collections Practices Act ("FDCPA"), the Real Estate Settlement Procedures Act ("RESPA") and the Homeowners Protection Act ("HPA") against Ocwen, formerly Lasalle Loan Servicing. (ECF No. 1 ¶ 3.) The plaintiffs do not allege that these defendants—Best of Long Island, Alexander Sorto, Brian Nelson or Nelson Law Group PLLC—have done anything illegal.

## LEGAL STANDARD

The defendants bring their motion under Rule 12(b)(6), but a Rule 12(b)(6) motion must be made "before pleading if a responsive pleading is allowed." Fed. R. Civ. P. 12(b). Because the defendants have already answered the complaint (*see* ECF No. 9) the appropriate motion is for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). The Court can treat a Rule 12(b)(6) motion as a motion for judgment on the pleadings pursuant to Rule 12(c). *Patel v. Contemporary Classics of Beverly Hills*, 259 F.3d 123, 126 (2d Cir. 2001) (holding that "a motion to dismiss for failure to state a claim (or one of the other non-waivable defenses under Rule 12(h)) that is styled as arising under Rule 12(b) but is filed after the close of pleadings, should be construed by the district court as a motion for judgment on the pleadings under Rule 12(c).").

A court evaluating a Rule 12(c) motion for judgment on the pleadings applies the same standard that is applied to a motion to dismiss under Rule 12(b)(6). *Bank of New York v. First Millennium, Inc.*, 607 F.3d 905, 922 (2d Cir. 2010). The court must "accept all factual allegations in the complaint as true and draw all reasonable inferences in [plaintiffs'] favor." *Hayden v. Paterson*, 594 F.3d 150, 160 (2d Cir. 2010) (alteration in original). The Court "liberally construe[s]" a *pro se* litigant's submissions, and a *pro se* plaintiff's complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings

3

drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted). Nevertheless, even a *pro se* complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Mancuso v. Hynes,* 379 F. App'x. 60, 61 (2d Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (applying *Iqbal* and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) to a *pro se* complaint). The court will dismiss the complaint if the plaintiff does not plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

The reviewing court "is not limited to the four corners of the complaint," and may also consider "documents attached to the complaint as an exhibit or incorporated in it by reference, matters of which judicial notice may be taken, or documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit." *Villanueva v. City of New York*, No. 08-CV-8793, 2010 WL 1654162, at *5 (S.D.N.Y. Apr. 14, 2010) (internal quotation marks and alterations omitted); *see also Taylor v. Vt. Dep't of Educ.*, 313 F.3d 768, 776 (2d Cir. 2002).

## DISCUSSION

### I. *The Rooker-Feldman Doctrine*

The Court first addresses whether it has subject matter jurisdiction under the *Rooker-Feldman* doctrine, which precludes federal district courts from exercising jurisdiction over actions that are really nothing more than appeals from state court judgments. *See Ashby v. Polinsky*, 328 F. App'x 20, 21 (2d Cir. 2009). "Lower federal courts lack subject matter jurisdiction in 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" *McCluskey v. New York State Unified Court Sys.*,

4

442 F. App'x 586, 589 (2d Cir. 2011) (quoting *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005)). Courts in this circuit have held consistently that efforts to undo a state court judgment of foreclosure are barred by the *Rooker-Feldman* doctrine. *See Niles v. Wilshire Inv. Grp., LLC*, 859 F. Supp. 2d 308, 334 (E.D.N.Y. 2012) (collecting cases).

To the extent that the plaintiffs ask this Court to review or nullify the judgment of foreclosure issued by the state court, those claims are barred by *Rooker-Feldman*. *See Riley v. Comm'r of Fin.*, 618 F. App'x 16, 17 (2d Cir. 2015) ("[A]n action seeking a declaration of property ownership after loss of title pursuant to a state-court foreclosure judgment [is] barred by *Rooker-Feldman*."); *Vossbrinck v. Accredited Home Lenders, Inc.*, 773 F.3d 423, 427 (2d Cir. 2014) ("To the extent [the plaintiff] asks the federal court to grant him title to his property because the foreclosure judgment was obtained fraudulently, *Rooker-Feldman* bars [the plaintiff's] claim."). Accordingly, this Court lacks subject matter jurisdiction pursuant to *Rooker-Feldman*.[3]

## II. Res Judicata

*Res judicata* provides a separate basis for dismissal. "Under the doctrine of res judicata, or claim preclusion, 'a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action' to support or defend against the alleged cause of action." *Proctor v. LeClaire*, 715 F.3d 402, 411 (2d Cir. 2013) (alterations and citation omitted) (quoting *Federated Department Stores, Inc. v. Moitie*, 452 U.S. 394, 398 (1981)). Federal courts have "consistently accorded preclusive effect to issues

---

[3] In the absence of subject matter jurisdiction, this matter requires dismissal. However, the Court considers *res judicata* and the plaintiffs' failure to state a claim as alternate bases for dismissal. *See, e.g.*, *Cellucci v. O'Leary*, 19-CV-2752, 2021 WL 242806, at *5 (S.D.N.Y. Jan. 25, 2021); *Barton v. Ne. Transp., Inc.*, No. 21-CV-326, 2022 WL 203593, at *11 (S.D.N.Y. Jan. 24, 2022) ("Notwithstanding the Court's conclusion that it lacks subject matter jurisdiction over this action, the Court also addresses [the] alternative grounds for dismissal.")

5

decided by state courts," and Congress has required federal courts "to give preclusive effect to state-court judgments whenever the courts from the State from which the judgments emerged would do so." *Allen v. McCurry*, 449 U.S. 90, 95-96 (1980) (citing 28 U.S.C. § 1738). Accordingly, I look to New York law to determine whether the plaintiffs' claims are barred by *res judicata*. *See Harris ex relatione Harris v. BNC Mortgage, Inc.*, No. 16-CV-2126, 2017 WL 1166357, at *4 (E.D.N.Y. Mar. 28, 2017).

In New York, "res judicata bars successive litigation of all claims based upon the same transaction or series of connected transactions if: (i) there is a judgment on the merits rendered by a court of competent jurisdiction, and (ii) the party against whom the doctrine is invoked was a party to the previous action, or in privity with a party who was." *Sheffield v. Sheriff of Rockland County Sheriff Dep't*, 393 F. App'x 808, 811 (2d Cir. 2010) (alterations omitted) (quoting *People ex rel. Spitzer v. Applied Card Sys., Inc.*, 11 N.Y.3d 105, 122 (2008)). New York applies a "transactional approach" to *res judicata*, which means that "once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy." *Yoon v. Fordham Univ. Faculty and Administrative Retirement Plan*, 263 F.3d 196, 200 (2d Cir. 2001) (quoting *O'Brien v. City of Syracuse*, 54 N.Y.2d 353, 357 (1981)).

Application of that standard to these facts requires dismissal. First, the state court's judgment of foreclosure and sale is an adjudication on the merits. *See Harris*, 2017 WL 1166357, at *4 ("[T]he State Court entered a judgment of foreclosure and sale on the Property against Plaintiff, which is an adjudication on the merits . . . at least two unpublished opinions from the Second Circuit have held that a judgment of foreclosure and sale in a state court action constitutes an adjudication on the merits for the purposes of claim preclusion.") (citing *Worthy-*

6

*Pugh v. Deutsche Bank Nat'l Trust Co.*, 664 F. App'x 20, 22 (2d Cir. 2016) and *De Masi v. Country Wide Home Loans*, 481 F. App'x 644, 645 (2d Cir. 2012)).  On November 1, 2010, New York Supreme Court, Suffolk County entered a judgment of foreclosure and sale on the property.  (ECF No. 18-2.)  Additionally, after Best of Long Island became the lawful owner of the property and initiated eviction proceedings against the plaintiffs, the Suffolk County Third District Court awarded judgment of possession to Best of Long Island on August 15, 2019.  (ECF No. 18-7.)

Moreover, the plaintiffs—the parties against whom *res judicata* is to be invoked—were parties to the foreclosure action and the eviction action.  Finally, the plaintiffs' claims arise out of the same series of transactions at issue in state court—the property foreclosure.  To the extent that it is possible to discern the basis of the plaintiffs' claims, they appear to allege that they were victims of "Mortgage Fraud and Foreclosure abuses," (ECF No. 19 at 2), because on June 28, 2017, they "received a final decree of discharge for [their] debt."  (ECF No. 1 ¶ 1.)  Therefore, the plaintiffs' claims before the Court arise out of the same transaction as the judgment of foreclosure and sale and are barred by *res judicata*.

**III.    Failure to State a Claim**

While the Court lacks subject matter jurisdiction pursuant to *Rooker-Feldman*, I also find that the plaintiffs' failure to state a claim creates another ground for dismissal.  The defendants argue that the plaintiffs' claims against them must be dismissed, because the plaintiffs do not allege that they did anything wrong.  (ECF No. 18-15 at 6.)  I agree.

Although the plaintiffs name Best of Long Island, Alexander Sorto, Brian Nelson and Nelson Law Group as defendants in this action, they do not allege any facts against them.  The plaintiffs barely mention the defendants in the 81-page complaint; aside from naming them as

defendants, the plaintiffs mention them only once, in the following paragraph: "On June 28, 2017, we received a final decree of discharge for this debt from Ocwen Loan Servicing and U.S. Bank National Association, now Best of Long Island Properties, Inc. is trying to collect. **United States Bankruptcy Code a permanent discharge injunction under 11 U.S.C. § 524.** This means that the creditor whose debt has been discharged can no longer take action to collect the debt. Ocwen Loan Servicing and U.S. Bank National Association was advised of this discharge on /or about June 28, 2017 and therefore should have advised Best of Long Island Properties." (ECF No. 1 ¶ 1 (emphasis in original).) There is no further mention of the defendants.

I have given the complaint the most liberal reading possible and cannot discern a viable claim against the defendants. Nor is the plaintiffs' reference to all the named defendants as "Ocwen" (ECF No. 1 at 1) ("collectively 'Ocwen' or 'Defendants'") sufficient to constitute claims against these defendants. Indeed, the plaintiffs appear to have lifted the language of a 2017 complaint that the U.S. Consumer Financial Protection Bureau filed against Ocwen in the Southern District of Florida. *CFPB, et al. v. Ocwen Financial Corporation, et al.*, No. 17-CV-80495 (S.D. Fla. Apr. 20, 2017). (*See* ECF No. 1.) That complaint does not include any claims against the four remaining defendants in this case.[4]

---

[4] Nor does the complaint satisfy Federal Rule of Civil Procedure 8, which requires a plaintiff to provide a short, plain statement of the claims against each defendant. *See Iqbal*, 556 U.S. at 678 (Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). A pleading that "tenders naked assertions devoid of further factual enhancement" will not suffice. *Iqbal*, 556 U.S. at 678 (internal citations and alterations omitted). The complaint does not include any facts to allow the defendants to understand the substance of the plaintiffs' complaint, and whether there is a legal basis for recovery. *See Twombly*, 550 U.S. at 556.

8

## CONCLUSION

A *pro se* plaintiff should ordinarily be given an opportunity to amend his complaint if "a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (internal citations omitted). Where, however, it is clear from a plaintiff's submission that he cannot state a plausible claim for relief, the court need not grant him an opportunity to amend his complaint. *See Ashmore v. Prus*, 510 F. App'x. 47, 49 (2d Cir. 2013) (finding that leave to amend is futile where "barriers to relief" for plaintiff's claims "cannot be surmounted by reframing the complaint"). As the plaintiffs' claims are barred by both *Rooker-Feldman* and *res judicata*, amendment would be futile. Accordingly, the complaint is dismissed, and the Clerk of Court is directed to close this case.

**SO ORDERED.**

s/Ann M. Donnelly
―――――――――――――――――
ANN M. DONNELLY
United States District Judge

Dated: Brooklyn, New York
      September 29, 2022

9